SEYFARTH SHAW LLP
Andrew C. Crane (SBN 285211)
acrane@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
FIRST ADVANTAGE LNS SCREENING
SOLUTIONS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODDIE L. JONES; and JEROME COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS, INC., d.b.a. CHOICEPOINT, a foreign corporation doing business in California; and Does 1-10, inclusive, <br><br> Defendants. | Case No. 2:14-cv-3070 <br><br> **NOTICE OF REMOVAL** <br><br> *[Filed concurrently with Certificate of Interested Parties Pursuant to Fed. R. Civ. Proc. 7.1, Civil Cover Sheet, and Disclosure Statement]* <br><br> Date Action Filed: December 19, 2013 |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, FIRST ADVANTAGE LNS

SCREENING SOLUTIONS, INC.,[1] incorrectly identified in Plaintiffs' Complaint

---

[1] Pursuant to an agreement reached between the parties on or about March 6, 2014, Defendant's counsel agreed to accept service of the Summons and Complaint on behalf of Defendant. Accordingly, Defendant's counsel executed and sent a Notice and Acknowledgement of Receipt form on behalf of First Advantage LNS Screening Solutions, Inc. to Plaintiffs' counsel on March 26, 2014. First Advantage Corporation acquired LexisNexis Screening Solutions, Inc. on February 28, 2013, and this entity, which is now known as First Advantage LNS Screening Solutions, Inc., is responsible for any judgment in this action.

as LEXISNEXIS RISK SOLUTIONS, INC., hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## TIMELINESS OF REMOVAL

1.      This removal involves an action that was filed in the Superior Court of the State of California for the County of Los Angeles, entitled *Oddie Jones and Jerome Collins v. LexisNexis Risk Solutions, Inc.*, Case No. BC 531182. The Summons and Complaint are attached as Exhibit A.

2.      Defendant executed and returned to Plaintiffs' counsel the Notice and Acknowledgement of Receipt of the Summons and Plaintiffs' Complaint on March 26, 2014. The executed acknowledgement form is attached as Exhibit B.

3.      Defendant filed its Answer to the Complaint in California State Court on April 21, 2014. A conformed copy of the answer is attached as Exhibit C.

4.      The Notice of Removal is timely as it has been filed within thirty days of Defendant's execution of the Notice of Acknowledgment of Receipt of the and Summons and Plaintiffs' Complaint on March 26, 2014.

5.      Exhibits A-C constitute all pleadings, process, and orders filed in this action.

## FEDERAL QUESTION JURISDICTION

6.      This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, and may be removed by Defendant pursuant to 28 U.S.C. § 1441 in that it is a civil action over which the district courts have original jurisdiction founded on claims arising under the laws of the United States. Plaintiffs' claims are premised solely on alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Specifically, Plaintiffs bring claims under 15 U.S.C. §§ 1681e(b), 1681k, and 1681b(b)(1)(A)(ii).

7.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court thus has original jurisdiction of this action under 28 U.S.C. § 1331 based on the claims brought by Plaintiffs.  Therefore, Defendant may properly remove this case pursuant to 28 U.S.C. § 1441.

<u>**VENUE**</u>

8.      Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446(a).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, and this is the judicial district in which the action arose.

<u>**NOTICE OF REMOVAL**</u>

9.      Notice of this notice of removal will promptly be served on Plaintiffs and the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

Respectfully submitted,

SEYFARTH SHAW LLP


By: /s/ Andrew C. Crane
Andrew C. Crane
Attorneys for Defendant
FIRST ADVANTAGE LNS
SCREENING SOLUTIONS, INC.

DATE: April 22, 2014

NOTICE OF REMOVAL

17080159v.1

EXHIBIT "A"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LexisNexis Risk Solutions, Inc., d.b.a. ChoicePoint, a foreign
corporation doing business in California, Does 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Oddie L. Jones; and Jerome Collins

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

DEC 19 2013

Sherri R. Carter, Executive Officer/Clerk
By: Amber Hayes, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br>Stanley Mosk Courthouse<br>111 N. Hill St., Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC531182 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Devin H. Fok Esq., P.O. Box 7165, Alhambra, CA 91802; 310-430-9933

DATE: 12/19/2013                SHERRI R. CARTER Clerk, by   Amber Hayes    , Deputy
*(Fecha)*                       *(Secretario)*                            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

A0221
A6100

1  THE LAW OFFICES OF DEVIN H. FOK
2  Devin H. Fok, Esq. (SBN #256599)
   P.O. Box 7165
3  Alhambra, CA 91802-7165
   Ph: (310) 430-9933
4  Fax: (323) 563-3445
5  devin@devinfoklaw.com

6
7  A NEW WAY OF LIFE REENTRY PROJECT
   Joshua E. Kim, Esq. (SBN #257260)
8  11211 S. Western Ave.
   Los Angeles, CA 90047
9  Ph: (323) 563-3575
   Fax: (323) 563-3445
10 joshua@anewwayoflife.org

11
12 Attorneys for Plaintiff
   ODDIE JONES
13 JEROME COLLINS

14

**FILED**
Superior Court Of California
County Of Los Angeles

DEC 19 2013

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
        Amber Hayes

D74 Teresa Sanchez
Goorden

15          **LOS ANGELES COUNTY SUPERIOR COURT**

16        **CENTRAL DISTRCT – STANLEY MOSK COURTHOUSE**

17
18                                      CASE NO.    BC531182
19
20 ODDIE L. JONES; and JEROME COLLINS       **COMPLAINT FOR DAMAGES FOR**
                                            **VIOLATIONS OF:**
21            Plaintiff,

22      vs.                                 1.  15 USC §1681e(b)
23 LEXISNEXIS RISK SOLUTIONS, INC.,         2.  15 USC §1681k(a)(2)
   d.b.a. CHOICEPOINT, a foreign corporation 3. 15 USC §1681b(b)(1)(A)(ii)
24 doing business in California, and DOES 1-10
   inclusive,                              **JURY TRIAL DEMANDED**
25
              Defendants.
26
27
28
29
30
31
32

CIT/CASE:          BC531182
LEA/DEF#:

RECEIPT #: CCH503057103
DATE PAID: 12/19/13  02:47 PM
PAYMENT: $435.00
RECEIVED:
   CHECK:           $0.00
   CASH:            $0.00
   CHANGE:          $0.00
   CARD:          $435.00
                       310

Plaintiff ODDIE L. JONES and JEROME COLLINS (hereafter as Plaintiffs") complain against Defendants LEXISNEXIS RISK SOLUTIONS, INC. and DOES 1-10 inclusive (collectively as "Defendant" or "LEXISNEXIS"), and alleges as follows:

## NATURE OF THE ACTION

1.   It is estimated that one in four adults in the United States have a criminal record of some kind and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1]

2.   Most employers are reluctant to hire people with conviction history.[2]

3.   Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed, before making an adverse employment decision based on a person's criminal record.[3]

4.   It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's criminal record.

5.   To further this compelling interest, the Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 *et seq.*) has enacted comprehensive legislation regulating the procurement and issuance of background check reports, stating that "[c]onsumer reporting agencies have assumed a vital role" and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 USC §1681(a).

6.   The FCRA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date. Under 15 USC §1681e(b) a background check company "shall follow

---

[1]. NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at* 3. *See also* SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at* http://www.slideshare.net/shrm/background-check-criminal (last visited on May 2, 2012); Ben Geiger, *Comment: The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).

[2] Harry Holzer, Steven Raphael & Michael A. Stoll, *Employer Demand for Ex-Offenders: Recent Evidence from Los Angeles*, Nat'l Crim. J. Ref. Svs. (March 2003), *available at* https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.

[3] *See generally* Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq* (Apr. 25, 2012)., *available at* http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

1  reasonable procedures to assure *maximum possible accuracy* of the information concerning the

2  individual about whom the report relates." (Emphasis added).

3      7.  In addition, when public records information such as criminal history information is

4  reported in the employment context, the background check company is required to "maintain

5  *strict procedures* designed to insure that…[the information reported] is complete and up to date."

6  15 USC §1681k(a)(2) (emphasis added).

7      8.  Defendant failed to fulfill its statutory duties under the FCRA, as a result of which a

8  background check report containing inaccurate, incomplete, and out-of-date concerning Plaintiff

9  was furnished to her prospective employer and Plaintiff was denied employment.

10      9.  Plaintiff seeks actual damages, punitive damages, and equitable relief, including costs

11  and expenses of litigation, including attorney's fees, and appropriate injunctive relief requiring

12  Defendants to comply with its legal obligations, as well as additional and further relief as may be

13  appropriate. Plaintiffs reserve the right to amend this Complaint to add additional relief as

14  permitted under applicable law.

15

16                                        **THE PARTIES**

17

18      1.  Plaintiff ODDIE L. JONES is, and at all times relevant herein was, a resident of the

19  County of Los Angeles in the State of California

20      2.  Plaintiff JEROME COLLINS is, and at all times relevant herein was, a resident of the

21  County of Los Angeles in the State of California.

22      3.  Defendant LEXISNEXIS RISK SOLUTIONS, INC. is and at all times herein mentioned

23  was, a foreign corporation doing business in the State of California.

24      4.  LEXISNEXIS is an entity regulated under both the FCRA and the ICRAA.

25      5.  For purposes of the FCRA, LEXISNEXIS is a "consumer reporting agency" as defined

26  under 15 USC §1681a(f) because they are "person which, for monetary fees, dues…regularly

27  engages in whole or in part in the practice of assembling or evaluating consumer credit

28  information or other information on consumers for the purpose of furnishing consumer reports to

29  third parties, and which uses any means or facility of interstate commerce for the purpose of

30  preparing or furnishing *consumer reports*." (Emphasis added).

31      6.  A "consumer report" is "any written, oral, or other communication of any information by

32  a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit

capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for....employment." 15 USC §1681a(d) (emphasis added).

7. LEXISNEXIS' reports, including the background check report at issue in the present case, contain background information on consumer regarding their general reputation, character, mode of living or other personal characteristics. Among other things, LEXISNEXIS' reports typically include information regarding criminal histories.

8. Defendants sell background check reports to, among others, prospective employers. Plaintiff is ignorant of the Defendants sued herein as DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

9. Plaintiffs are informed and believe and thereon allege that each of the Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiffs' damages as herein alleged were proximately caused by such occurrences.

10. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendants DOES 1-10, were agents of each other and of the named Defendant and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

**VENUE**

11. Venue and jurisdiction are proper in this court pursuant to California code of Civil Procedure Sections 395 and 395.5. The cause of action arose in the County of Los Angeles in the State of California.

**PLAINTIFF ODDIE L. JONES**

12. On or about March, 2012, ODDIE L. JONES applied for an employment position with the Home Depot U.S.A., Inc. ("HOME DEPOT").

13. In connection with the application process, LEXISNEXIS issued a background check report which disclosed criminal history information relating to a 2005 misdemeanor conviction

for "assault with deadly weapon – instrument" which had been expunged or dismissed pursuant to California Penal Code §1203.4 (the report is hereafter as "ODDIE L. JONES REPORT").

14. The dismissal occurred more than 18 months prior to the issuance of the report on September 14, 2010.

15. While the conviction should not have been disclosed in the first place, LEXISNEXIS nevertheless disclosed the conviction and without noting the fact of the dismissal.

16. On the basis of this criminal history information, LEXISNEXIS adjudicated JOHNE DOE as "ineligible" for employment. The disclosure is as follows:

| | |
|---|---|
| Case Reference# | [Redacted] |
| Case Date | 10/07/2005 |
| Name on File | [Redacted] |
| SSN on File | 552-45-xxxx |
| DoB on File | 08/20/xxxx |
| Charge | Assault with deadly weapon – instrument |
| Major/Minor Category | Violence & Threats/Weapons - Use |
| Major/Minor Category | Violence & Threats/Assault & Battery |
| Charge Type | Misdemeanor |
| Disposition | Convicted |
| Date | 12/15/2005 |
| Sentence | Probation 3 years. Fines and costs. |

17. However, under 2 CCR §7287.4 and Cal. Lab. C. §432.7, an employer is prohibited from inquiring or using any misdemeanor convictions that has been dismissed pursuant to Cal. Pen. C. §1203.4 as a basis for taking any adverse employment decision against the applicant.

18. Under Cal. Civ. C. §1786.20, a background check company such as Defendants are prohibited from disclosing any information to an employer if the "inquiry by an employer or prospective employer of the consumer would violate applicable federal or state equal employment opportunity law or regulation."

19. Under 15 USC§1681b(b)(1)(A)(ii), prior to issuing any background check report, Defendants are required to obtain a certification from the employer that it will not use any information from the background check reports they furnish "in violation of any applicable Federal or State equal employment opportunity law or regulation."

20. 2 CCR §7287.4 is a California equal employment opportunity regulation.

21. In direct violation of Cal. Civ. C. §1786.20 and 15 USC §1681b(b)(1)(A)(ii), LEXISNEXIS disclosed the dismissed misdemeanor conviction and adjudicated Plaintiff as "ineligible" for employment.

22. On the basis of adjudication, ODDIE L. JONES was denied a valuable employment opportunity.

23. Shortly following the receipt the ODDIE L. JONES REPORT, Plaintiff and his counsel separately requested Defendants to immediately remove the negative information from Plaintiff's background check report.

24. Despite the timely request, ODDIE L. JONES was not able to regain employment from HOME DEPOT.

25. On or June 29, 2012, JOHNE DOE'S counsel requested a full file disclosure from LEXISNEXIS pursuant to 15 USC §1681g(a)(3)(A), Cal. Civ. C. §§1786.10(c) and 1786.11 including a request for a copy of every investigative consumer report LEXISNEXIS provided to any third party including HOME DEPOT.

26. In direct violation of the above-described statutes, Defendants disclosed only the revised report where Plaintiff's expunged conviction was deleted. Intentionally omitted from disclosure was the ODDIE L. JONES REPORT which caused Plaintiff to lose his job.

## PLAINTIFF JEROME COLLINS

27. On or about January 24, 2012 LEXISNEXIS issued an employment background check report to Plaintiff JEROME COLLINS'S employer TRUE BLUE, INC. d.b.a. LABOR READY ("LABOR READY") (the report is hereafter as "JEROME COLLINS REPORT").

28. LABOR READY is an employment staffing company and JEROME COLLINS was on assignment to work for its client the Los Angeles Food Bank. The JOHNE ROE REPORT was furnished for the purpose of determining Plaintiff's eligibility for a permanent position at the Food Bank.

29. The JEROME COLLINS REPORT disclosed JEROME COLLINS's possession of a controlled substance conviction where he had successfully completed a diversion program and the case was dismissed pursuant to Cal. Pen. C. §1001.3.

30. Under California law, the successful completion of the program renders "the arrest upon which the diverse was based….never occurred." Cal. Pen. C. §1001.9. "A record pertaining to an arrest resulting in successful completion of a diversion program shall not, without the divertee's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate." *Id.*

31. Thus, because the arrest was deemed "never occurred", LEXISNEXIS was prohibited from disclosing any information related to the conviction.

32. By contrast, LEXISNEXIS disclosed the same conviction *three* separate times on the JEROME COLLINS REPORT.

33. The first disclosure is as follows:

| | |
|---|---|
| Case Reference# | [Redacted] |
| Case Date | 07/16/2010 |
| Name on File | [Redacted] |
| SSN on File | 556-51-xxxx |
| DoB on File | 12/28/xxxx |
| Charge | Possession of controlled substance |
| Charge Type | Felony |
| Disposition | Diversion Program |
| Date | 07/16/2010 |
| Sentence | Diversion; Fees $100.00; Sentence terms next court date 1/17/12 jurisdiction |
| Current as of Date | 7/10/2011 |

34. The second disclosure is as follows:

| | |
|---|---|
| Case Reference# | [Redacted; same as disclosure 1] |
| Case Date | 07/16/2010 |
| Name on File | [Redacted] |
| SSN on File | 556-51-xxxx |
| DoB on File | 12/28/xxxx |
| Charge | Possession of controlled substance |
| Charge Type | Felony |
| Disposition | Diversion Program |

COMPLAINT FOR DAMAGES - 7

| Date | 07/16/2010 |
|------|-----------|
| Sentence | Diversion; Fees $100.00; Sentence terms next court date 1/17/12 |

35. The third disclosure is as follows:

| Case Reference# | [Redacted; same as disclosure 1] |
|-----------------|----------------------------------|
| Case Date | 07/16/2010 |
| Name on File | [Redacted] |
| SSN on File | 556-51-xxxx |
| DoB on File | 12/28/xxxx |
| Charge | Narcotic controlled substance cocaine |
| Charge Type | Felony |
| Disposition | Deferred judgment |
| Date | 11/29/2010 |
| Sentence | Diversion 18 months; fine $100.00 |

36. Each of the three disclosures contains different information. Most critically, the Charge descriptions are different between the first two disclosures and the third one which would mislead a reader as to the number of crimes committed by JOHNE ROE.

37. Moreover, based on the "Current as of Date" of "07/16/10", LEXISNEXIS has failed to verify the accuracy of the information in its database for at least six months prior to the issuance of the JEROME COLLINS REPORT.

38. On the basis of the JEROME COLLINS REPORT, Plaintiff lost the permanent position for which he had worked for more than six months to obtain.

39. As a result of the erroneous JEROME COLLINS REPORT, JOHNE ROE now works at a sausage factory under extreme conditions with little pay.

## DEFENDANT LEXISNEXIS

40. Under the FCRA, LEXISNEXIS is required to use "reasonable procedures to insure the maximum possible accuracy of the information reported." 15 USC §1681e(b);Cal. Civ. C. §1786.20(b).

41. In addition, public records information that has an adverse impact on a consumer's ability to obtain employment is reported, LEXISNEXIS must use "strict procedures" to ensure that the information reported is "complete and up to date." 15 USC §1681k(a)(2); Cal. Civ. C. §1786.28(b).

42. These statutory requirements have been unchanged since the enactment of the FCRA more than 40 years ago and LEXISNEXIS is well-are of the statutory mandates. It is the nation's largest background check company and has been routinely subject to law suits involving its systematic failure in complying with the legal mandates described immediately above.

43. Here, Plaintiffs' criminal histories are public records information and are readily available through the court systems. Plaintiffs are informed and believe that Defendants nevertheless failed to visually inspect, copy, or analyze the readily-available information in reckless disregard of the clear statutory mandate to use "reasonable," and "strict procedure" in providing background check reports that will have a detrimental impact on a consumer's ability to obtain employment.

44. In Los Angeles County, the cost per page for obtaining copies of court documents is $.50 per page. The Clerk's Documents and Minutes on each Plaintiff which would have provided accurate, complete and up to date information on Plaintiff's criminal history consists of only several pages at a cost of less than $5.

45. In 2008, LEXISNEXIS' annual revenue from selling background check reports was approximately $1 billion (most recent data available to Plaintiff).[4] According to LEXISNEXIS' own publication, its nationwide "hit-rate" for a search involving somebody with a criminal history is 5.3%.[5]  In other words, LEXISNEXIS is required to conduct a more thorough search to visually inspect, copy, or analyze physical files of public information for at most 5.3% of all background checks that it provides to third-parties.  Nevertheless, in a scheme to maximize profits, Defendant knowingly, gross negligently, or recklessly failed to employ a procedure that Defendants knew or should have known is necessary to insure that the public record information reported is accurate, complete, and up to date.

46. As a direct and foreseeable result of Defendants' wrongful conduct, Plaintiff lost a valuable employment opportunity, suffered significant economic, emotional, and mental distress,

---

[4] BROKEN RECORDS, *at* 8.
[5] LexisNexis Risk Solutions Screening, LexisNexis 2012 Nonprofit Screening Review: The Positive Power of Information (2012), *at* p.10, *located at* http://img.en25.com/Web/LexisNexis/LN_NonProfit12.pdf (last visited on May 8, 2012).

and is at risk of losing her home as a result of Defendants' profit-maximizing measures that disregard substantial potential harm to consumers.

## FIRST CAUSE OF ACTION
### (Violation of 15 United States Code §1681e(b))

47. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1-50, inclusive.

48. Upon information and belief, Defendants have not, and currently do not, follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

49. Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff, which failure led to the inaccuracies in the ODDIE L. JONES REPORT, and the JEROME COLLINS REPORT.

50. Defendant's violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

51. Defendants' violations entitle Plaintiff to damages pursuant to 15 USC §§ 1681n and 1681o, including but not limited to the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendant's violations as well as punitive damages.

## SECOND CAUSE OF ACTION
### (Violation of 15 United States Code §1681k(b))

52. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1-50, inclusive.

53. Upon information and belief, Defendants failed to provide Plaintiff contemporaneous notice of the fact that public record information is being reported pursuant to 15 USC §1681k(a)(1) and have not and currently do not maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date.

54. Specifically, Defendants failed to visually inspect, copy, or analyze the readily-available public records information concerning Plaintiff resulting in a report containing information that is not complete and up to date.

55. Defendants' violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

56. Defendants' violations entitle Plaintiff to damages Pursuant to 15 USC 1681n and 1681o, including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## THIRD CAUSE OF ACTION

### (Violation of 15 United States Code §1681b(1)(A)(ii))

57. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1-50, inclusive.

58. Upon information and belief, Defendants knowingly, intentionally, and/or recklessly violated the above-referenced statute by failing to use reasonable procedures to ensure compliance with the certification required under 15 USC §1681b(1)(A)(ii) despite the existence of reasonable grounds to believe that the consumer reports will be used impermissibly and in violation of the Federal or State equal employment opportunity law or regulation.

59. Defendants' violations were willful or reckless because Defendants were aware of their obligations under the FCRA but nonetheless consciously elected to disregard their obligations.

60. Defendants' violations entitle Plaintiff to damages Pursuant to 15 USC 1681n and 1681o, including, but not limited to, the actual harms suffered by Plaintiff as a direct legal, proximate, and foreseeable result of Defendants' violations as well as punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1.  For a declaration that Defendants' practices violate the FCRA, 15 United States code §1681 *et seq.*;

2.  For statutory, compensatory, special, general, statutory and punitive damages according to proof against all Defendants;

3.  For interest upon such damages as permitted by law;

4.  For an award of reasonable attorney's fees provided by law under all applicable statutes;

5. For the costs of suit;

6. For injunctive relief; and

7. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby request and demand a jury trial on all issues triable by jury.

DATED: December 18, 2013

DEVIN H. FOK ESQ.
THE LAW OFFICES OF DEVIN H. FOK

By: _____

Devin H. Fok
Attorney for Plaintiffs

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok, Esq. (SBN# 256599)<br>P.O. Box 7165<br>Alhambra, CA 91802<br><br>TELEPHONE NO.: 310-430-9933          FAX NO.:<br>ATTORNEY FOR *(Name)*: Plaintiffs | **FILED**<br>Superior Court Of California<br>County Of Los Angeles<br><br>DEC 19 2013<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>         Amber Hayes |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Jones et al. v. LexisNexis et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC531182<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
✔ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify)*: 3: for violation of the FCRA
5. This case ☐ is   ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/19/2013

Devin H. Fok
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| SHORT TITLE: Jones et al v. LexisNexis | CASE NUMBER BC531182 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

---
### Applicable Reasons for Choosing Courthouse Location (see Column C below)
---

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Jones et al v. LexisNexis | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Jones et al v. LexisNexis | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☒ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Jones et al v. LexisNexis | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>505 S. Long Beach Blvd.,<br>Compton, CA 90221 |
|---|---|
| CITY:<br>Compton | STATE:<br>CA | ZIP CODE:<br>90221 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __12/19/2013__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT "B"

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Devin H. Fok Esq. (SBN# 256599)<br>Law Offices of Devin H. Fok<br>P.O. Box 7165<br>Alhambra, CA 91802<br>TELEPHONE NO: 310-430-9933    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* devin@devinfoklaw.com<br>ATTORNEY FOR *(Name):* Oddie Jones and Jerome Collins | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

PLAINTIFF/PETITIONER: Oddie Jones and Jerome Collins

DEFENDANT/RESPONDENT: LexisNexis Risk Solutions, Inc.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC531182 |
|---|---|

TO *(insert name of party being served):* LexisNexis Risk Solutions, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 3/6/2014

Devin H. Fok

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✔] A copy of the summons and of the complaint.
2. [✔] Other *(specify):*
   Notice of Case Management Conference
   ADR Packet

*(To be completed by recipient):* March 26, 2014

Date this form is signed:

Frederick T. Smith on behalf of
First Advantage LNS Screening
Solutions, Inc.

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *Frederick T. Smith*

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT "C"



1    SEYFARTH SHAW LLP
     Andrew C. Crane (SBN 285211)
2    acrane@seyfarth.com
     2029 Century Park East, Suite 3500
3    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
4    Facsimile:    (310) 201-5219

5    Attorneys for Defendant
     FIRST ADVANTAGE LNS SCREENING SOLUTIONS,
6    INC.

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California

APR 2 1 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  COUNTY OF LOS ANGELES

11

12    ODDIE L. JONES; and JEROME COLLINS,        Case No. BC 531182

13             Plaintiff,

14          v.                       **ANSWER TO COMPLAINT FOR DAMAGES**

15    LEXISNEXIS RISK SOLUTIONS, INC., d.b.a.
     CHOICEPOINT, a foreign corporation doing      Date Action Filed: December 19, 2013
16    business in California, and DOES 1 to 10,
     inclusive,
17

            Defendants.
18

19          Defendant FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.,[1] incorrectly

20   identified in Plaintiffs' Complaint as LEXISNEXIS RISK SOLUTIONS, INC., hereby answers the

21   unverified Complaint of Plaintiffs Oddie Jones and Jerome Collins as follows:

22          Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendant

23   denies, generally and specifically, each and every allegation, statement, matter and each purported cause

24

25   [1] Pursuant to an agreement reached between the parties on or about March 6, 2014, Defendant's counsel
     agreed to accept service of the Summons and Complaint on behalf of Defendant. Accordingly,
26   Defendant's counsel executed and sent a Notice and Acknowledgement of Receipt form on behalf of
     First Advantage LNS Screening Solutions, Inc. to Plaintiffs' counsel on March 26, 2014. First
27   Advantage Corporation acquired LexisNexis Screening Solutions, Inc. on February 28, 2013, and this
     entity, which is now known as First Advantage LNS Screening Solutions, Inc., is responsible for any
28   judgment in this action.

1  of action contained in Plaintiffs' Complaint.  Without limiting the generality of the foregoing, Defendant
2  also denies, generally and specifically, that Plaintiffs have been damaged in the manner or sums alleged,
3  or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE DEFENSES

5  In further answer to Plaintiffs' Complaint, Defendant asserts the following additional defenses.
6  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant
7  to law, are Plaintiffs' burden to prove.

## FIRST DEFENSE

9  1.  The Complaint and each cause of action therein fails to set forth facts sufficient to state a
10 claim upon which relief may be granted against Defendant.

## SECOND DEFENSE

12 2.  Plaintiffs sustained no injuries, damages or loss by reason of any act of Defendant.

## THIRD DEFENSE

14 3.  Plaintiffs' damages, if any, were not caused by Defendant, but by the acts or omissions of
15 another person or entity over whom Defendant has neither control or responsibility.

## FOURTH DEFENSE

17 4.  Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## FIFTH DEFENSE

19 5.  Any statements or actions alleged by Plaintiffs to have been made or done by Defendant,
20 if made or done, were made or done after investigation and on the basis of reasonable grounds for belief
21 in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and
22 without reckless disregard or malice.

## SIXTH DEFENSE

24 6.  Assuming *arguendo* that any of the actions alleged in the Complaint were taken by
25 Defendant, such actions were taken in good faith and were a lawful exercise of sound discretion of
26 Defendant's legal rights, and were based on a rational, reasonable consideration of the facts.

27
28

2

## SEVENTH DEFENSE

7.      If Defendant engaged in the acts complained of in Plaintiffs' Complaint, which it denies, then such acts were privileged, justified and/or taken in accordance with applicable law and/or Defendant's policies and procedures.

## EIGHTH DEFENSE

8.      Defendant followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiffs in any consumer reports relating to them and otherwise made good faith efforts to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## NINTH DEFENSE

9.      Plaintiffs are not entitled to punitive damages because Defendant made good faith efforts to comply with the FCRA.

## TENTH DEFENSE

10.      To the extent Plaintiffs failed to mitigate their alleged damages, their recovery, if any, must be reduced accordingly.

## RESERVATION OF RIGHTS

11.      Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses, and reserves the right to assert additional defenses in the event that discovery and/or investigation indicates that such defenses are appropriate.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1.      That Plaintiffs' Complaint be dismissed in its entirety and with prejudice with respect to Defendant, with costs taxed against Plaintiffs;

///

///

///

///

///

3

1      2.       That Defendant recover from Plaintiffs its expenses of litigation; and

2      3.       That Defendant recover such other and additional relief as the Court deems proper.

3

4                    Respectfully submitted,

5                    SEYFARTH SHAW LLP

6

7                    By:

8                    Andrew C. Crane
                     Attorneys for Defendant
                     FIRST ADVANTAGE LNS SCREENING

9                    SOLUTIONS, INC.

10  DATE: April 21, 2014

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT FOR DAMAGES

17078553v.2

## PROOF OF SERVICE

STATE OF CALIFORNIA ) )  ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, CA 90067. On April 21, 2014, I served the within documents:

### ANSWER TO COMPLAINT FOR DAMAGES

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by serving the document(s) listed above to the person(s) at the address(es) set forth below via Federal Express Delivery.

☐ by causing Nationwide Legal to deliver the above named document to the party(s) at the address as set forth below:

**THE LAW OFFICES OF DEVIN H. FOK**
Devin H. Fok, Esq.
P.O. Box 7165
Alhambra, CA 91802-7165
Telephone: (310) 430-9933
Facsimile: (323) 563-3445
E-mail: devin@devinfoklaw.com

**A NEW WAY OF LIFE REENTRY PROJECT**
Joshua E. Kim, Esq.
11211 S. Western Avenue
Los Angeles, CA 90047
Telephone: (323) 563-3575
Facsimile: (323) 563-3445
E-mail: joshua@anewwayoflife.org

*Attorneys for Plaintiff*
***ODDIE JONES***
*and*
***JEROME COLLINS***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 21, 2014, at Los Angeles, California

_____
James Aguilera

17152032v.1